The SHINNECOCK INDIAN NATION, Plaintiff–Appellant,

v.

The State of NEW YORK, Andrew Cuomo, In his Individual Capacity and as Governor of the State of New York, County of Suffolk, New York, Town of Southampton, New York, Trustees of the Proprietors of the Common and Undivided Lands of the Town of Southampton, aka Trustees of the Proprietors of the Common and undivided Lands and Marshes (or Meadows), In the Town of Southampton, Trustees of the Freeholders and Commonality of the Town of Southampton, aka Trustees of the Commonality of the Town of Southampton, Shinnecock Hills Golf Club, National Golf Links of America, Parrish Pond Associates, LLC, Parrish Pond Construction Corporation, PP Development Associates, LLC, Sebonac Neck Property, LLC, Southampton Golf Club Incorporated, 409 Montauk, LLC, Southampton Meadows Construction Corporation, Long Island Railroad Company, Long Island University, Defendants–Appellees.

Nos. 14–4445(L), 14–4447(CON).

United States Court of Appeals, Second Circuit.

Oct. 27, 2015.

Darcie L. Houck, (Steven J. Bloxham, on the brief), Fredericks Peebles & Morgan LLP, Sacramento, CA, for Appellant.

Jeffrey W. Lang, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrew D. Bing, Deputy Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY, for State Defendants–Appellees.

Michael S. Cohen, Nixon Peabody LLP, Jericho, NY, for All Defendants–Appellees Other Than State Defendants–Appellees and Long Island Railroad Company.

Dwight A. Healy, Holwell Shuster & Goldberg LLP, New York, NY, for Defendants–Appellees Long Island Railroad Company.

PRESENT: CHESTER J. STRAUB, RICHARD C. WESLEY, DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant the Shinnecock Indian Nation ("Nation") appeals from a judg-

ment of the United States District Court for the Eastern District of New York, granting Defendants–Appellees' motion to dismiss the Nation's action arising under federal common law and the Nonintercourse Act, 25 U.S.C. § 177 ("NIA"). *See Shinnecock Indian Nation v. New York,* No. 05–CV–2887 TCP, 2006 WL 3501099 (E.D.N.Y. Nov. 28, 2006). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.[1]

The District Court held that the Nation's claims are foreclosed by the equitable considerations, including laches, crystallized in *City of Sherrill v. Oneida Indian Nation of New York,* 544 U.S. 197, 125 S.Ct. 1478, 161 L.Ed.2d 386 (2005), and *Cayuga Indian Nation of New York v. Pataki,* 413 F.3d 266 (2d Cir.2005). *See Oneida Indian Nation of New York v. Cnty. of Oneida,* 617 F.3d 114, 117 (2d Cir.2010) (confirming applicability of equitable defenses to ancient possessory land claims). We find no error in the District Court's holding.

The Nation argues that *Cayuga,* 413 F.3d 266, and *Oneida,* 617 F.3d 114, are abrogated by *Petrella v. Metro–Goldwyn–Mayer, Inc.,* —— U.S. ——, 134 S.Ct. 1962, 188 L.Ed.2d 979 (2014). This argument is foreclosed by *Stockbridge–Munsee Community v. New York,* 756 F.3d 163, 166 (2d Cir.2014) (per curiam), *cert. denied,* —— U.S. ——, 135 S.Ct. 1492, 191 L.Ed.2d 430 (2015), which specifically addressed this question.

We have considered all of the Nation's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED.**

---

1. We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all well-pled factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). Dismissal is appropriate if the complaint fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). When the district court takes notice of facts outside a complaint, we review that decision for abuse of discretion. *Staehr v. Hartford Fin. Servs. Grp., Inc.,* 547 F.3d 406, 424 (2d Cir.2008).